UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ION SOLAR LLC and SOLAR SALES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ANDY MARLOWE; CHAD MARTIN; TOM DETTLOFF; and LANCE BUCHANAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL (DOC. NOS. 4 & 9)**<br><br>Case No. 2:23-cv-00145<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are two motions for leave to file documents under seal, one brought by Plaintiffs ION Solar LLC and Solar Sales LLC (collectively, "ION"), and the other brought by Defendants Andy Marlowe and Chad Martin.[1]  Both motions seek to seal certain exhibits to ION's motions for a temporary restraining order and preliminary injunction.  For the reasons explained below, the motions to seal are granted in part and denied in part.  ION has demonstrated a portion of the declaration of Jeremy Call (Exhibit A) warrants sealing, and redaction of the defendants' social security numbers in Exhibits D and F is also warranted under the federal and local rules.  But sealing is not warranted for the remainder of these exhibits, or for the other exhibits at issue.

---

[1] (*See* Mot. for Leave to File Under Seal Exs. A, D, and F to Pls.' Mot. for TRO and Prelim. Inj. in Underlying State Action ("Defs.' Mot. to Seal"), Doc. No. 4; Pls.' Mot. for Leave to File Under Seal ("Pls.' Mot. to Seal"), Doc. No. 9.)

## BACKGROUND

ION brought this action in state court against former sales representatives Andy Marlowe and Chad Martin, alleging Mr. Marlowe and Mr. Martin breached contractual non-compete, non-solicitation, and confidentiality provisions.[2]  Mr. Marlowe and Mr. Martin removed the case to federal court[3] and filed copies of the state court filings, including ION's motion for a temporary restraining order and preliminary injunction ("state TRO motion") and supporting exhibits.[4]  Mr. Marlowe and Mr. Martin moved for leave to file certain exhibits to the state TRO motion under seal because those exhibits had been sealed in state court.[5]

The same day, ION filed a renewed motion for a temporary restraining order and preliminary injunction ("federal TRO motion"), with many of the same supporting exhibits.[6]  ION also moved for leave to file certain exhibits and portions of exhibits under seal, arguing they contain ION's confidential and proprietary business information.[7]  At a hearing on March 10, 2023, the court denied ION's request for a temporary restraining order and set an evidentiary hearing on the request for a preliminary injunction.[8]

---

[2] (*See* Compl., Doc. No. 1-2.)  Ion has since filed an amended complaint adding two additional defendants.  (*See* First Am. Compl., Doc. No. 32.)

[3] (*See* Notice of Removal, Doc. No. 1.)

[4] (*See* Ex. D to Notice of Removal, State Court Filings, Doc. No. 1-5.)

[5] (*See* Defs.' Mot. to Seal, Doc. No. 4.)

[6] (*See* Mot. for TRO and Prelim. Inj., Doc. No. 6.)

[7] (*See* Pls.' Mot. to Seal, Doc. No. 9.)

[8] (*See* Minute Order, Doc. No. 23.)

<u>LEGAL STANDARDS</u>

"The records of the court are presumptively open to the public," and sealing court documents is "highly discouraged."[9]  However, the right of access to judicial records is not absolute.[10]  "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[11]  "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[12]

<u>ANALYSIS</u>

**A.  Mr. Marlowe and Mr. Martin's Motion to Seal**

Mr. Marlowe and Mr. Martin seek to seal Exhibits A, D, and F to ION's state TRO motion.[13]  Exhibit A is a declaration from ION's president of sales, Jeremy Call.[14]  Exhibits D and F are "Class C Incentive Unit Grant Agreements" between ION and each defendant.[15]  Mr. Marlowe and Mr. Martin note that these exhibits were "designated as protected" by the state court based on ION's contention that they contain sensitive, confidential, and proprietary

---

[9] DUCivR 5-3(a)(1).

[10] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).

[11] *Id.* (internal quotation marks omitted).

[12] *Id.* (internal quotation marks omitted).

[13] (Def.'s Mot. to Seal, Doc. No. 4.)

[14] (Doc. No. 5 at 1–7 (sealed).)

[15] (Doc. No. 5 at 8–38 (sealed).)

business information.[16]  Mr. Marlowe and Mr. Martin provide no other justification for sealing the exhibits.

A party "cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order" in another court.[17]  Thus, the fact that the state court designated these exhibits as protected does not automatically warrant sealing the exhibits in this court.  Further, a party's designation of documents as confidential under a protective order is an insufficient basis for sealing documents.[18]  Under the District of Utah's local rules, if a party moves to seal documents based solely on another party's confidentiality designation, the designating party must file its own motion to seal within seven days specifying why the documents are entitled to protection.[19]

Mr. Marlowe and Mr. Martin have not demonstrated the exhibits at issue warrant sealing, where they rely solely on the state court's sealing of the exhibits and ION's claim of confidentiality.  However, ION separately moved to seal portions of the same documents filed as exhibits to its federal TRO motion.  Therefore, the court examines whether ION has demonstrated portions of these documents warrant sealing.

---

[16] (Def.'s Mot. to Seal 2, Doc. No. 4.)

[17] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

[18] *See* DUCivR 5-3(a)(1) ("A stipulation or a blanket protective order that allows a party to designate documents as sealable will not suffice to allow the filing of Documents under seal."); *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014) (noting that parties cannot overcome the presumption against sealing judicial records simply by pointing out they are subject to a protective order governing discovery).

[19] *See* DUCivR 5-3(b)(2)(C)(i).

**B. ION's Motion to Seal**

ION seeks to seal portions of Exhibits A, B, D, E, and F to the federal TRO motion,[20] which are identical to those filed with the state TRO motion.  Exhibit A is Mr. Call's declaration; the other exhibits are contracts between ION and each defendant.  Consistent with the local rules, ION filed both sealed versions and public, redacted versions of these exhibits.[21]  ION also seeks to seal an audio recording of a conversation between Mr. Marlowe and an ION employee (Exhibit 1 to Exhibit H) and a transcript of the recording (Exhibit L) in their entirety.[22]  ION conclusorily asserts all these exhibits "contain ION's confidential and proprietary business information," without further explanation.[23]  The court addresses each exhibit in turn.

*1. Exhibit A: Jeremy Call Declaration*

ION seeks to redact and seal a single sentence in Mr. Call's declaration, which discusses ION's revenue in a certain geographical market.[24]  Other courts have found similar types of business information warrant sealing, where it is not central to the court's substantive rulings.[25] This portion of Mr. Call's declaration was not referenced in the briefing on the federal TRO motion or the court's ruling on the request for a TRO.  Therefore, the public interest in access to

---

[20] (Pls.' Mot. to Seal 1–2, Doc. No. 9.)

[21] (*See* Doc. Nos. 8, 8-1, & 8-3–8-5 (redacted); Doc. Nos. 10 & 10-1–10-4 (sealed)); *see also* DUCivR 5-3(b)(1).

[22] (Pls.' Mot. to Seal 2, Doc. No. 9.)

[23] (*Id.*)

[24] (*See* Doc. No. 8 at ¶ 12 (redacted); Doc. No. 10 at ¶ 12 (sealed).)

[25] *See, e.g.*, *In re EpiPen*, No. 17-md-2785-DDC-TJJ, 2019 U.S. Dist. LEXIS 103494, at *22 (D. Kan. June 14, 2019) (unpublished) (granting motion to seal "sales, pricing, and market share data," but indicating the redaction request would be revisited "should this information prove important to the court's resolution" of substantive issues).

this information is marginal at this stage.[26]  Under these circumstances, ION's interest in

protecting its confidential business information outweighs the public interest in access.

Therefore, ION's request to seal this portion of Exhibit A is granted.  The unredacted versions of

Exhibit A to the state and federal TRO motions shall remain sealed.[27]

    2. *Exhibits B and E: Independent Contractor Agreements*

    Exhibits B and E are "Independent Contractor Agreements" between ION and each

defendant.[28]  ION seeks to redact and seal two pages of these agreements which describe the

commission and bonus structure for ION's sales representatives.  However, ION filed these same

exhibits publicly, without redactions, in state court on February 22, 2023, in support of its state

TRO motion.[29]  Likewise, Mr. Marlowe and Mr. Martin filed these exhibits without redactions in

this court on March 1, 2023, as part of the state court records attached to their notice of

removal.[30]  ION has not objected to Mr. Marlowe and Mr. Martin's public filing of these exhibits

or asked the court to seal them.  Where ION itself publicly filed the exhibits in state court, and

these exhibits have been in the public record in this case for several months without redactions,

ION has not demonstrated any portion of the exhibits should be treated as confidential.  ION also

---

[26] *See Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (unpublished) ("[W]here the documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." (internal quotation marks omitted)).

[27] This determination may be revisited if the redacted information is later relied upon to determine substantive issues in this case.

[28] (*See* Doc. Nos. 8-1 & 8-4 (redacted); Doc. Nos. 10-1 & 10-3 (sealed).)

[29] *See ION Solar LLC v. Marlowe*, Case No. 230400331 (Fourth Judicial Dist. Ct., Utah Cnty., State of Utah), Doc. No. 5, Exs. B & E.

[30] (*See* Ex. D to Notice of Removal, State Court Filings, Doc. No. 1-5 at 29–45, 53–69.)

does not explain how this particular section of the independent contractor agreements constitutes confidential or proprietary business information.  Therefore, ION's request to seal portions of Exhibits B and E is denied, and these exhibits shall be unsealed.

### 3. Exhibits D and F: Class C Incentive Unit Grant Agreements

Exhibits D and F are "Class C Incentive Unit Grant Agreements" between ION and each defendant, which grant incentive units in the company in exchange for the defendants' services.[31]  ION seeks to redact and seal (1) the number of units granted under the agreements, and (2) the defendants' social security numbers.  As an initial matter, the local rules require social security numbers and other personal identifiers to be redacted from public filings, and a party is not required to file a motion to seal before making such redactions.[32]  As to the number of units granted, ION does not explain how this constitutes confidential or proprietary business information.  Therefore, ION has failed to demonstrate that any significant countervailing interest outweighs the presumption of public access.

Accordingly, ION's request to seal the number of incentive units granted to each defendant is denied.  ION is ordered to refile Exhibits D and F, redacting only the defendants' social security numbers.

### 4. Exhibit 1 (to Exhibit H) and Exhibit L: Audio Recording and Transcript

ION seeks to seal an audio recording and transcript of a conversation between Mr. Marlowe and an ION employee, Craig Dean, after Mr. Marlowe was terminated from ION.  ION

---

[31] (*See* Doc. Nos. 8-3 & 8-5 (redacted); Doc. Nos. 10-2 & 10-4 (sealed).)

[32] *See* DUCivR 5.2-1(a) ("A party must redact the personal identifiers listed in Fed. R. Civ. P. 5.2 in every court filing."); DUCivR 5-3(a)(2)(B) ("To prevent the overdesignation of sealed Documents in the court record, counsel must: . . . redact personal identifiers, as set forth in DUCivR 5.2-1, and publicly file the Document."); *see also* Fed. R. Civ. P. 5.2(a) (providing for redaction of social security numbers).

publicly filed a declaration from Mr. Dean (Exhibit H) describing the conversation and
characterizing it as an attempt by Mr. Marlowe to solicit Mr. Dean to leave ION for a competing
company.[33]  But ION seeks to seal the audio recording (Exhibit 1 to Exhibit H)[34] and the
seventy-five-page transcript (Exhibit L)[35] in their entirety.

ION has not demonstrated the audio recording or transcript warrant sealing.  These
exhibits document a lengthy conversation between Mr. Marlowe and Mr. Dean, and ION does
not explain which portions, if any, reference confidential or proprietary business information.
From the court's review of these exhibits, it is not readily apparent they contain any such
information.  Further, the conversation between Mr. Marlowe and Mr. Dean is discussed in detail
in both the parties' briefing and the court's oral ruling on the TRO motion.[36]  Indeed, the court
specifically relied on both the audio recording and the transcript in denying ION's request for a
TRO, noting that several statements which Mr. Dean attributed to Mr. Marlowe in his declaration
were not in the recording or transcript, and finding the recording and transcript at least partially
corroborated Mr. Marlowe's version of events.[37]  Where the court relied on these exhibits in its
ruling, the public presumption of access is strong.[38]  ION has failed to demonstrate that any
significant countervailing interest outweighs this strong presumption.  Accordingly, ION's

---

[33] (*See* Ex. H to Mot. for TRO and Prelim. Inj., Decl. of Craig Dean, Doc. No. 8-7.)

[34] (Doc. No. 25 (sealed).)

[35] (Doc. No. 10-6 (sealed).)

[36] (*See* Mot. for TRO and Prelim. Inj. ¶¶ 51–55, Doc. No. 6; Opp'n to Pls.' Mot. for TRO and
Prelim. Inj. ¶¶ 31–34, Doc. No. 15.)

[37] (*See* Audio Recording of March 10, 2023 Hrg. at 10:07–12:11.)

[38] *See Colony Ins. Co.*, 698 F.3d at 1241–42 ("[W]here documents are used to determine
litigants' substantive legal rights, a strong presumption of access attaches.").

request to seal the audio recording (Exhibit 1 to Exhibit H) and transcript (Exhibit L) is denied, and these exhibits shall be unsealed.

CONCLUSION

The motions to seal[39] are granted in part and denied in part, and the court ORDERS as follows:

1. The unredacted versions of Exhibit A[40] to the state and federal TRO motions shall remain sealed.

2. Within fourteen days, ION must refile Exhibits D and F to the federal TRO motion, redacting only the defendants' social security numbers.

3. The clerk's office is directed to unseal Exhibits B, E, and L[41] to the federal TRO motion, and Exhibit 1[42] to Exhibit H to the federal TRO motion.

DATED this 28th day of April, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[39] (Doc. Nos. 4 & 9.)

[40] (Doc. Nos. 5 & 10 (main document only).)

[41] (Doc. Nos. 10-1, 10-3, & 10-6.)

[42] (Doc. No. 25.)