UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ION SOLAR LLC; and SOLAR SALES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ANDY MARLOWE; CHAD MARTIN; TOM DETTLOFF; and LANCE BUCHANAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' SHORT FORM DISCOVERY MOTION TO COMPEL DISCOVERY RESPONSES (DOC. NO. 75)**<br><br>Case No. 2:23-cv-00145<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

ION Solar LLC and Solar Sales LLC (together, "ION") brought this action in state court against former sales representatives Andy Marlowe and Chad Martin, alleging Mr. Marlowe and Mr. Martin breached contractual noncompete, nonsolicitation, and confidentiality provisions of their business agreements with ION.[1] After Mr. Marlowe and Mr. Martin removed the case to federal court,[2] ION filed an amended complaint adding two additional defendants—Tom Dettloff and Lance Buchanan.[3] All defendants filed counterclaims against ION, relating to the same business agreements.[4]

---

[1] (*See* Compl., Doc. No. 1-2.)

[2] (*See* Notice of Removal, Doc. No. 1.)

[3] (First Am. Compl., Doc. No. 32.)

[4] (*See* Def. Andy Marlowe's Answer, Affirmative Defenses, and Countercls., Doc. No. 27; Def. Chad Martin's Answer, Affirmative Defenses, and Countercls., Doc. No. 28; Def. Lance Buchanan's Answer, Affirmative Defenses, and Countercls., Doc. No. 43, Def. Tom Dettloff's Answer, Affirmative Defenses, and Countercls., Doc. No. 44.)

All defendants have now filed a motion seeking to compel ION to produce documents relating to two categories of discovery requests.[5]  First, Defendants seek documents relating to ION's sexual harassment investigation of Mr. Marlowe and, second, Defendants seek documents relating to their counterclaim damages.[6]  ION opposes Defendants' motion, arguing the first category of documents is privileged, and contending Defendants failed to adequately meet and confer as to the second category.[7]  Because Defendants failed to show ION improperly withheld documents as to the first category of discovery, and it is unclear whether Defendants adequately met and conferred as to the category of discovery, Defendants' motion is denied.

## ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[8]  Confidential attorney-client communications made for the purpose of securing legal advice are privileged,[9] as are documents prepared by

---

[5] (*See* Defs.' Short Form Disc. Mot. to Compel Disc. Resps. ("Mot."), Doc. No. 75.)

[6] (*Id.* at 2.)

[7] (Pl.'s Resp. to Defs.' Short Form Disc. Mot. to Compel Disc. Resps. ("Opp'n") 2–6, Doc. No. 76.)

[8] Fed. R. Civ. P. 26(b)(1).

[9] *See S. Utah Wilderness All. v. Automated Geographic Reference Ctr., Div. of Info. Tech.*, 2008 UT 88, ¶ 33, 200 P.3d 643, 655; *see also* Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.").

2

attorneys in anticipation of litigation.[10] But a litigant cannot use privilege "both as a sword and a shield" by withholding documents a litigant is using in support of its claims.[11] Finally, before filing a discovery motion in this district, parties must meaningfully meet and confer, including by sending a written communication to the opposing party identifying the disputed discovery requests.[12]

### I. Defendants have not shown ION improperly withheld discovery relating to the investigation.

The first category of discovery Defendants seek relates to ION's sexual harassment investigation of Mr. Marlowe.[13] Defendants claim ION "categorically refuse[s] to provide [discovery] related to the alleged sexual harassment investigation . . . despite seeking to reclaim $1 million from [Mr. Marlowe] in this lawsuit based on that investigation."[14] At the outset, it is not clear whether Defendants' position is that ION refuses to produce any documents, or merely that the documents listed on ION's privilege log are not privileged. The confusion arises because despite

---

[10] *See* Fed. R. Civ. P. 26(b)(3); *see also Frontier Ref. v. Gorman-Rupp Co.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998) ("Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3).") (quoting *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988)).

[11] *Seneca Ins. Co., Inc. v. W. Claims, Inc.*, 774 F.3d 1272, 1277–78 (10th Cir. 2014).

[12] *See* DUCivR 37-1.

[13] (*See* Mot. 2, Doc. No. 75 (noting Defendants seek "[i]nformation, documents, and communications reflecting or related to the alleged sexual harassment investigation of Defendant Marlowe and Ion's termination of him, including but not limited to all those identified in Plaintiffs' privilege log and from Plaintiffs' third-party investigation, and related to [a specific individual]").)

[14] (*Id.*)

3

Defendants' claim that ION "categorically refuse[s]" to produce documents responsive to these discovery requests, ION's discovery responses—as well as Defendants' motion itself—indicate ION produced at least some responsive documents.[15]  And Defendants do not identify any other documents ION should have produced.  Defendants also submitted as an exhibit a privilege log ION produced, and aside from the statement that ION "categorically refuse[s]" to produce documents, the remainder of Defendants' argument focuses solely on its contention that the documents it seeks are not privileged.[16]

      To the extent Defendants argue ION "categorically refuse[s]" to produce documents, this argument is belied by the discovery responses Defendants filed, Defendants' apparent acknowledgement that ION produced at least some documents, and Defendants' failure to identify what other documents ION should have produced.  The remainder of this section focuses on the two arguments Defendants make in opposing ION's privilege claims.  As explained below, both fail.

---

[15] (*See id.* (noting as to the categories of discovery Defendants seek to compel, "[o]n April 11, 2024, Plaintiffs produced a single document, some of their prior TRO and/or MSJ exhibits, and some of Defendants' agreements.  On May 7, 2024, Plaintiffs supplemented a small amount of their written responses and, a few weeks later, produced 54 additional pages."); *compare, e.g.*, *id.* (arguing ION "categorically refuse[s]" to produce documents responsive to, among other discovery requests, Marlow Interrogatory No. 9), *with* Ex. A to Mot., Pl.'s Resps. to Defs.' First Set of Written Disc. Reqs. 9, Doc. No. 75-1 ("ION will produce the relevant sexual harassment policy that [Mr.] Marlowe violated in response to this [Marlowe] Interrogatory [No. 9].").)

[16] (*See* Ex. C to Mot., Pl.'s Privilege Log, Doc. No. 75-1; Mot. 2–3, Doc. No. 75 (arguing "[a]ttorney involvement 'does not automatically render the communication subject to the attorney-client privilege'" (quoting *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010))).)

4

First, Defendants argue the documents they seek are not privileged, because attorney involvement does not automatically render a communication subject to the attorney-client privilege.[17]  Applying that premise to this case, Defendants argue "(1) ION represents that a third party conducted the investigation; and (2) the investigation involved additional person(s) to which no privilege applies."[18]  But Defendants do not identify where ION has represented that a third party conducted the investigation.  On the contrary, ION's discovery responses, privilege log, and opposition brief all suggest ION's general counsel conducted the investigation.[19]  Similarly, Defendants do not identify what "additional person(s)" were involved in which communications.[20]  Without more, these bare allegations are insufficient to overcome ION's privilege claims.[21]

---

[17] (Mot. 2, Doc. No. 75 (citing *In re Grand Jury Proceedings*, 616 F.3d at 1182).)

[18] (*Id.*)

[19] (*See* Ex. A to Mot., Pl.'s Resps. to Defs.' First Set of Written Disc. Reqs. 11, Doc. No. 75-1 ("The investigation into allegations of Marlowe's sexual harassment/discrimination was conducted by and at the direction of ION's counsel."), Ex. C to Mot., Pl.'s Privilege Log, Doc. No. 75-1 at 2 (claiming privilege as to "[i]n-house counsel notes . . . regarding sexual harassment investigation"), Opp'n 4, Doc. No. 76 ("[T]he investigation was performed by General Counsel of Ion, Colin Schmutz, in his capacity as the attorney of the Company . . . .").)

[20] (*Cf.* Opp'n 6, Doc. No. 76 ("Plaintiffs have not disclosed these privileged materials to parties outside of the privilege . . . .").)

[21] If Defendants believed they needed additional briefing in order to explain their position, they could have requested it.  (*See* Disc. Mgmt. Order ¶ 7, Doc. No. 47 ("If a party believes overlength briefing is necessary, the party may file an overlength motion or response under Rule 37-1, and include in the overlength motion or response a request for overlength briefing.").)

Second, Defendants argue ION waived privilege for documents relating to the investigation by relying on the investigation in support of its claims.[22] This is because a party cannot "affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party."[23] But Defendants do not state what documents or communications ION is relying on in support of its claims; the mere fact that ION filed a claim relating to an investigation it conducted does not automatically waive privilege for each and every document and communication relating to that investigation.[24]

To be clear, Defendants are entitled to discovery regarding ION's claims.[25] But Defendants simply assert ION's "claims and contentions rely on their alleged investigation," without further explanation—rather than explaining how ION's claims rely on documents over which ION claims privilege.[26] In these circumstances, Defendants are not entitled to an order compelling discovery.

---

[22] (*See* Mot. 2–3, Doc. No. 75 (quoting *Seneca*, 774 F.3d at 1277–78).)

[23] (*See id.* at 3. (quoting *Adams & Assocs., LLC v. Winbond*, No. 1:05-CV-64, 2010 U.S. Dist. LEXIS 76271, at *19 (D. Utah July 26, 2010) (unpublished)).)

[24] *See Adams & Assocs.*, 2010 U.S. Dist. LEXIS 76271, at *20 ("What constitutes a waiver [under this doctrine] depends, of course, upon the circumstances." (quoting *William A. Gross Constr., Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 262 F.R.D. 354, 361 (S.D.N.Y. 2009))).

[25] *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

[26] (*See* Mot. 3, Doc. No. 75.) ION represents it has no intent to use the documents listed in the privilege log. (Opp'n 6, Doc. No. 76.)

6

## II. It is unclear whether the parties conferred as to damages discovery.

The second category of discovery Defendants seek relates to Defendants' counterclaim damages.[27] Again, Defendants claim ION "categorically refus[es]" to produce any discovery responsive to these requests.[28] But as explained below, where it is unclear Defendants satisfied this district's meet-and-confer requirements, the motion is denied without prejudice as to this discovery.

This district's local rules require parties to "make reasonable efforts to resolve a discovery dispute" before filing a discovery motion.[29]

> At minimum, those efforts must include a prompt written communication sent to the opposing party:
>
> (A)  identifying the discovery disclosure or request at issue, the response, and specifying why the response or objection is inadequate, and;
>
> (B)  requesting to meet and confer, either in person or by telephone, and including suggested dates and times.[30]

Defendants certify they complied with these requirements, referencing "a meet and confer letter; a meet and confer call; extensive emails; additional phone calls; and another meet and confer call [with ION's counsel]."[31] However, ION argues Defendants did not send ION a written communication identifying the specific responses Defendants

---

[27] (See Mot. 2, Doc. No. 75 (noting Defendants seek "[i]nformation, documents, and communications reflecting or related to Defendants' Counterclaim damages").)

[28] (Id. at 3.)

[29] DUCivR 37-1(a)(1).

[30] DUCivR 37-1(a)(2).

[31] (Mot. 5, Doc. No. 75.)

7

now seek.[32]  ION also submitted an email sent before Defendants filed their motion wherein ION's counsel asked Defendants to "please identify which requests you believe are deficient,"[33] and ION notes Defendants did not respond to this communication.[34] Finally, ION states it "remain[s] ready and willing to meet and confer regarding information, documents, and communications related to Defendants' Counterclaim damages under a scope agreeable to both parties, and will produce any responsive discovery under that scope."[35]

Because the correspondence ION submitted suggests Defendants' efforts to meet and confer do not comply with Local Rule 37-1, and in light of ION's willingness to produce responsive discovery, Defendants' motion is denied without prejudice as to this discovery.  The parties are ordered to meet and confer in good faith and in accordance with Local Rule 37-1 regarding discovery as to Defendants' counterclaim damages.  If a dispute remains after meaningful conferral, Defendants may file a new motion.

## CONCLUSION

Because Defendants have failed to show ION improperly withheld discovery relating to ION's investigation of Mr. Marlowe, Defendants' motion[36] is denied as to this category of discovery.  And because it is not apparent Defendants complied with Local

---

[32] (Opp'n 2–3, Doc. No. 76.)

[33] (Ex. 2 to Opp'n, Email from ION's counsel to Defendants' counsel, Doc. No. 76-2 at 5.)

[34] (Opp'n 3, Doc. No. 76.)

[35] (*Id.* at 4.)

[36] (Doc. No. 75.)

8

Rule 37-1 as to discovery relating to counterclaim damages, Defendants' motion[37] is denied without prejudice as to this category of discovery.

DATED this 16th day of August, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[37] (Doc. No. 75.)